IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kendall Green, <br><br> Plaintiff, <br><br> v. <br><br> William R. Byars, Director; Warden Michael McCall; Ass. Warden Florence Mauney; Lt. B. DeGeorgis; Sgt. Randall Root; Ofc. Browning, SMU Personnel; Mr. RL Turner; IGC Ms. Snyder; Mrs. NC Merchant; Mailroom Personnel; Mrs. Davis, Mailroom Personnel; Steven J. Reck, FSA; Mr. Olsen, Head Kitchen Staff; and Mr. Campbell, Kitchen Supervisor, <br><br> Defendants. | Civil Action No.2:11-03464-CMC-BHH <br><br> **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

The plaintiff, a state prisoner proceeding pro se, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Plaintiff's Motion for Preliminary Injunction captioned as "Order to Show Cause for Preliminary Injunction" (Dkt. No. 4).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

The plaintiff brought this action on or about December 9, 2011. (Dkt. No. 1.) On or about December 21, 2011, Plaintiff filed the instant motion. (See Dkt. No. 4.) Defendants filed a Response in Opposition to this motion on April 5, 2012. (See Dkt. No. 23.)

Plaintiff's motion is drafted as a proposed order of the Court. (See Dkt. No. 4.) Plaintiff states that he seeks an order enjoining the Defendants from the following:

(a) "retaliating against Plaintiff for him exercising his constitutional rights";

(b) "subjecting him to extreme" temperatures "of coldness (this can be achieved by allowing Plaintiff to ware [sic] his jacket and/or thermal sets or otherwise fix the cell windows on the entire SMU in case Plaintiff moved)";

(c) "allow Plaintiff at least one hour a day of exercise";

(d) "allow Plaintiff to clean his cell at least three times a week[], which is the policy anyway";

(e) "stop compelling Plaintiff to eat off unsanitized trays by sending trays from SMU to the big kitchen on the yard"; and

(f) "from tampering with [Plaintiff's] mail."

(Dkt. No. 4 at 1 of 2.)

Traditionally, a preliminary injunction "protect[s] the status quo . . . to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litigation, 333 F.3d 517, 525 (4th Cir. 2003) (abrogated on other grounds by eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006)). In contrast, mandatory preliminary injunctions "generally do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." Id. at 526 (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)). "[A] mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." Id. A preliminary injunction is "an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To obtain a temporary restraining order ("TRO") or preliminary injunction, a plaintiff must show:

(1) that he is likely to succeed on the merits,

(2) that he is likely to suffer irreparable harm in the absence of preliminary relief,

(3) that the balance of equities tips in his favor, and

2

>    (4) that an injunction is in the public interest.

Id. at 20.

The undersigned recommends denying Plaintiff's Motion for Preliminary Injunction (Dkt. No. 4). Plaintiff contends that he is likely to suffer irreparable harm in the absence of preliminary relief because:

>    (a) "lack of exercise can cause physical as well as psychological injuries;"
>
>    (b) the Defendants, "especially Lt. DeGeorgis, will surely retaliate" against Plaintiff for filing the instant action;
>
>    (c) "to be compelled to continue eating off unsanitized trays will only make worse Plaintiff's H-pylori infection"; and
>
>    (d) "subjecting Plaintiff to extreme tempatures [sic] of coldness can cause one to go over the brink (really lose it!), and so too tampering with a prisoner's mail."

(Id. at 1-2.) Plaintiff attempts to address all of the Winter factors; he states that Defendants "will not suffer more than Plaintiff if this injunction is granted" because Defendants are not subjected to the conditions Plaintiff is subject to and because "they will only be following policy not compromising security or anything for that matter." (Id. at 2.) Plaintiff contends that he is likely to succeed at trial "because the evidence will be overwhelming" against Defendants and that the "granting of this preliminary injunction will serve the public interests as well." (Id.)

In their Response in Opposition, Defendants contend that Plaintiff failed to show a likelihood that he will succeed on the merits. (Dkt. No. 23 at 2.) Defendants state that they are working on their Motion for Summary Judgment and "deny that they have retaliated against Plaintiff or tampered with his mail and have no intention to do so and deny they have violated Plaintiff's rights in any way." (Id.) Defendants state,

3

> The Plaintiff fails to show a likelihood of success on the merits based simply on his statement that Defendants have retaliated against him or tampered with his mail or in the other matters he sets forth in his Motion. The Plaintiff has failed to satisfy the first element as Defendants adamantly deny that the Plaintiff's rights have been violated and Plaintiff has failed to show a likelihood he will succeed on the merits. For this reason alone, Plaintiff's Motion should be denied.

(Id.) Defendants also contend that Plaintiff fails to show a likelihood of irreparable harm in the absence of preliminary relief. (Id.)

The undersigned recommends denying Plaintiff's Motion for Preliminary Injunction (Dkt. No. 4). In Taylor v. Freeman, 34 F.3d 266 (4th Cir. 1994), the Fourth Circuit considered a district court's issuance of a mandatory injunction ordering prison officials to take specific actions–related to decreasing the inmate population at North Carolina's Morrison Youth Institution–by certain dates. See Taylor, 34 F.3d 266. Vacating the district court's order, the Fourth Circuit stated,

> It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities. As the District of Columbia Circuit observed in Inmates of Occoquan v. Barry, 844 F.2d 828 (D.C.Cir.1988), "in carrying out their remedial task, courts are not to be in the business of running prisons. The cases make it plain that questions of prison administration are to be left to the discretion of prison administrators." Id. at 841 . . . .

Taylor, 34 F.3d at 268. The Fourth Circuit further cautioned that "[e]ven when there has been a finding on the merits that unconstitutional conditions exist, federal courts should proceed cautiously and incrementally in ordering remediation so as not to assume the role of prison administrators." Id. at 269.

Although Taylor involved the overcrowding of prisons, the teachings are applicable, as there is a clear comity concern in the instant case. See Taylor, 34 F.3d at 268-69; see also Preiser v. Rodriguez, 411 U.S. 475, 491-92 (1973). Furthermore, the undersigned

4

recommends denying Plaintiff's Motion for Preliminary Injunction because Plaintiff has failed to show that each of the four Winter factors supports granting the requested relief. See Winter, 555 U.S. at 20; see also Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) (noting that the plaintiff "bears the burden of establishing that each of these factors supports granting the injunction" (quoting Technical Publishing Co. v. Lebhar-Friedman, Inc., 729 F.2d 1136, 1139 (7th Cir. 1984))).

In the instant case, Plaintiff has clearly failed to show that he is likely to succeed at trial. Indeed, Plaintiff simply states that he is likely to succeed because "the evidence will be overwhelming" against Defendants. (See Dkt. No. 4 at 2 of 2.) Plaintiff's allegation that he is likely to succeed on the merits falls well short of the requirement "that the plaintiff make a clear showing that [he] will likely succeed on the merits at trial." Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds 130 S.Ct. 2371 (2010) (citing Winter, 555 U.S. at 20); see also Brisbane v. Ozmint, No. 4:09-2347-HMH-TER, 2010 WL 1856415, at *4 (D.S.C. Apr. 20, 2010) ("Plaintiff's bald conclusory allegations in his motion are insufficient to justify a restraining order. The Court cannot issue injunctions or restraining orders based on such unsubstantiated claims which the defendants deny."); Frierson v. Stevens, No. 4:09-2048-DCN-TER, 2009 WL 4844583, at *2 (D.S.C. Dec. 10, 2009) ("Plaintiff's bold conclusory allegations in his motion are insufficient to justify a restraining order."). In addition, Plaintiff's assertions that he is likely to suffer irreparable harm appear to be a mirror of the allegations in his Complaint; such assertions are insufficient to show that he is likely to suffer irreparable harm in the absence of preliminary relief. See Direx, 952 F.2d at 812 ("[T]he required 'irreparable harm' must be "neither remote nor speculative, but actual and imminent." (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989))); see also Abraham v. McDonald, No. 6:11-46-RMG-KFM, 2011 WL 884128, at *2 (D.S.C. Mar. 14, 2011) (adopted at 2011

5

WL 1118931 (D.S.C. Mar. 25, 2011)). The undersigned further concludes that Plaintiff has failed to show that the balance of equities tips in his favor or that an injunction is in the public interest. See Wetzel v. Edwards, 635 F.2d 283, 288 (4th Cir. 1980) ("The possible injury to the [prison administrators] if the preliminary injunction stands is potentially grave.").

It is therefore RECOMMENDED, for the foregoing reasons, that Plaintiff's Motion for Preliminary Injunction (Dkt. No. 4) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

June 22, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).