IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kendall Green,<br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>William R. Byars, Director; Warden<br>Michael McCall; Ass. Warden<br>Florence Mauney; Lt. B. DeGeorgis;<br>Sgt Randall Root, Ofc. Browning,<br>SMU Personnel; Mr. RL Turner; IGC<br>Ms, Snyder; Mailroom Personnel;<br>Mrs. Davis, Mailroom Personnel;<br>Steven J. Reck, FSA; Mr. Olsen,<br>Head Kitchen Staff; and Mr.<br>Campbell Kitchen Supervisor,<br>　　　　　　　　　Defendants. | Civil Action No.: 2:11-3464-MGL-BHH<br><br>**ORDER AND OPINION** |

Plaintiff Kendall Green is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Plaintiff is currently housed at Perry Correctional Institution in Pelzer, South Carolina. On December 21, 2011, Plaintiff proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (ECF No. 1.) Plaintiff also filed a Motion for a Preliminary Injunction. (ECF No. 4.) Defendants oppose Plaintiff's Motion for a Preliminary Injunction.

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On June 22, 2012, Magistrate Judge Hendricks issued a Report and Recommendation recommending that the court deny Plaintiff's motion for a Preliminary Injunction. (ECF No. 23.) The Magistrate Judge indicated *inter alia* that Plaintiff failed to show that he was likely to succeed at trial and failed to show that he would suffer

irreparable harm in the absence of preliminary relief.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. On June 12, 2012, Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 36 at 7). However, he has not done. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is approved and incorporated herein by reference. Plaintiff's motion for a Preliminary Injunction is DENIED.

IT IS SO ORDERED.

s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina

July 27, 2012